IN THE CIRCUIT COURT, NINTH
JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA

CASE NO.:

FLOURNOY CONSTRUCTION COMPANY,
LLC on behalf of itself and as Assignee of
STONE SCAPES, INC.

6:09-cv-1692-Orl-28KRS

       Plaintiff,

v.

AUTO-OWNERS INSURANCE COMPANY

       Defendant.

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES

COMES NOW Flournoy Construction Company, LLC ("FCC"), on behalf of itself and as Assignee of Stone Scapes, Inc., ("Stone Scapes", hereinafter collectively referred to as "Plaintiff"), who has assigned its rights pursuant to that certain agreement between the parties dated July 31, 2008 and hereby files the instant Complaint against Auto-Owners Insurance Company (the "Defendant") and in support thereof states as follows:

### JURISDICTION AND VENUE

1.     This is an action for declaratory relief and damages in excess of $15,000.00

2.     FCC is a Georgia limited liability corporation with its principal place of business in Georgia licensed to do business in the State of Florida.

3.     Stone Scapes, Inc. is a Florida corporation, with its principal place of business located at 139 Bay Grove Road in Freeport, Florida.

4.     The Defendant is a corporation organized and existing under the laws of the State of Michigan, with its principal place of business located at 6101 Anacapri Boulevard in Lansing, Michigan.

5.     A judgment was rendered on August 3, 2009 against the Defendant's insured Stone Scapes. A copy of the judgment against Stone Scapes is attached hereto and incorporated by reference as Exhibit "A" to this Complaint.

6.     Venue and jurisdiction is proper in Orange County Florida as the Final Judgment was entered in Orange County and the Defendant transacts business in the state of Florida and Orange County.

## FACTUAL ALLEGATIONS

7.     The Defendant had issued valid and in force commercial general liability Policies of insurance to Stone Scapes at all times relevant hereto.   These Policies of insurance (collectively referred to hereinafter as the "Policies") include, but are not limited to policy number 044622-38667291-05 which was in effect from 02/23/2005 to 02/23/2006. Flournoy does not at this time have a copy of the Policies in question however, upon information and belief the copies of the Policies exists and will be obtained in discovery.

8.     The Policies issued to Stone Scapes were "occurrence" Policies and were in full force and effect for their stated time periods with premiums paid in full and all conditions satisfied by Stone Scapes on the date of the occurrence(s) at issue in this matter took place.

9.     On February 1, 2003, Stone Scapes contracted with Flournoy Construction Company, LLC ("FCC") to provide certain services in relation to a construction project ("Project") in Tallahassee, Florida referred to as the Verandas at Blairstone.

17540 v1                                       2

10.    Stone Scapes subcontracted with Fox Pavers for the performance of certain portions of its work under the Subcontract with FCC, including for the construction of the segmental retaining walls to be constructed at the Project.

11.    Subsequent to the completion of construction of the Project, segmental retaining wall #9, located approximately twenty-five feet to the West of Building Nine at the Project, experienced movement, and on or about July 10, 2005, a partial failure and/or collapse, as well as associated resulting damage to other components of the property adjacent to such retaining wall occurred.

12.    Some or all of the property damaged by the aforementioned failure and/or collapse was not a part of the scope of the work performed by the insured under its contract with FCC.

13.    Pursuant to the terms and conditions of the Policies issued by Defendant, Stone Scapes timely notified Defendant of the Claim asserted against it by FCC in relation to the Failed Retaining Wall and sought coverage and a defense from Defendant in relation to same.

14.    In written correspondence dated September 20, 2005, Defendant advised Stone Scapes that it was investigating the Claim.

15.    In written correspondence dated October 8, 2005, Defendant was contacted by an attorney for Stone Scapes requesting a defense and indemnification from the claim asserted by FCC.

16.    In written correspondence dated November 15, 2005, Defendant advised Stone Scapes that it was denying the Claim.

17.    Counsel for Stone Scapes continued to communicate with Defendant throughout 2006, requesting reconsideration of Defendant's denial of the Claim. Defendant issued written correspondence reconfirming its denial of the Claim.

18.    On January 11, 2007, FCC filed a demand for Arbitration with the American Arbitration Association ("AAA"), against Stone Scapes in relation to the Claim. The filing with

AAA was designated as IN RE: FLOURNOY CONSTRUCTION COMPANY V. ROBERT REEDER/STONE SCAPES, INC., Case No. 33 349 00023 07 (the "Arbitration").

19.     On February 14, 2007, the attorney for Stone Scapes sent correspondence to Defendant, via certified mail, return-receipt requested advising of the arbitration proceedings filed against Stone Scapes by FCC, requesting that Defendant provide Stone Scapes with a defense in same, requesting that the Claim be accepted as compensable, and requesting that Defendant participate in a mediation of the Claim.

20.     On February 27, 2007, Defendant responded to the February 14, 2007 correspondence from the attorney for Stone Scapes and advised of Defendant's denial of coverage. Defendant further wrongfully failed to defend Stone Scapes in the Arbitration despite having been provided notice of the Arbitration and an opportunity to defend its Insured.

21.     Stone Scapes, by and through its counsel, continued to communicate with representatives of Defendant during the pendency of the Arbitration in 2007 and 2008, repeatedly urging Defendant to participate in settlement discussions and to contribute to a resolution of the Claim.   Defendant never provided Stone Scapes with a defense in the Arbitration.

22.     Stone Scapes and FCC engaged in negotiations to settle the Claims prior to the scheduled Arbitration hearing.

23.     Stone Scapes advised Defendant that it intended to enter into a settlement agreement with FCC on terms which were dependent upon a determination of coverage under Stone Scapes' Policies with Defendant and which would include an assignment of Stone Scapes' rights against Defendant in favor of FCC. Stone Scapes further advised Defendant that such settlement with FCC was for an amount less than its policy limits which Stone Scapes believed in good faith represented the fair and reasonable sums expended by FCC as a result of the Claim. Defendant denied coverage and refused to participate in any settlement thereby leaving Stone Scapes with no means of resolving the Claim prior to the Arbitration hearing.

24.    Both prior to FCC's filing of the Arbitration and subsequent thereto, Defendant was provided with information and documents, both verbally and in writing, detailing the Claim, including the allegations of negligence by Stone Scapes and its sub-subcontractor, Fox Pavers, which resulted in property damage to various components of the Project.

25.    The allegations made by FCC against Stone Scapes were covered, in whole or in part, under the terms of the Policies issued by Defendant.

26.    Defendant was therefore obligated to provide a defense and to provide coverage to Stone Scapes for the Arbitration with FCC and the claims set forth in such Arbitration.

27.    Defendant wrongfully denied Stone Scapes' request for defense and indemnity, failed to properly investigate the claim, failed to provide a defense and coverage, failed to properly communicate the reason for denial to Stone Scapes, and caused substantial injury to Stone Scapes as a result of such actions and inactions.

28.    On July 31, 2008, Stone Scapes and FCC signed a Settlement Agreement on terms which were dependent upon a determination of coverage under Stone Scapes' Policies with Defendant.  The settlement between FCC and Stone Scapes represents the fair and reasonable sums expended by FCC as a result of the Claim.  Such Settlement Agreement includes an assignment of Stone Scapes' rights against Defendant in favor of FCC, pursuant to which FCC has authority to bring this lawsuit.  A copy of the Settlement Agreement between FCC and Stone Scapes is attached hereto as Exhibit "B".

29.    Pursuant to Florida Statute 627.428, FCC is entitled to recover attorneys' fees as the prevailing party in this action.

30.    FCC has agreed to pay the firm of Burr & Forman LLP the reasonable attorneys' fees and costs for the prosecution of this action to which it is entitled as the prevailing party in the instant action pursuant to Florida Statute 627.428.

31.    All conditions precedent to this action have occurred or been waived.

## COUNT I - BREACH OF CONTRACT

32.    Plaintiff incorporates and re-alleges herein paragraphs 2 through 31 of the Complaint as if set forth in full.

33.    Defendant contracted with Stone Scapes to provide insurance coverage from 02/23/2005 to 02/23/2006, which contracts are represented by the Policies described herein above.

34.    Under the terms of the Policies, Defendant was obligated to provide a defense and coverage to Stone Scapes for the Arbitration filed against it by FCC.

35.    Stone Scapes complied with all terms and conditions of the Policies and gave notice of the Arbitration filed against it by FCC to Defendant.

36.    Defendant breached its contracts with Plaintiff by refusing to provide a defense and/or coverage for the claims set forth in the Arbitration.

37.    Plaintiff was damaged as a result of Defendant's breach.

WHEREFORE, Plaintiff Flournoy Construction Company, LLC, on behalf of itself and as Assignee of Stone Scapes, Inc., by and through its undersigned attorneys is hereby entitled to recover a monetary judgment against Defendant Auto-Owners Insurance Company, as well as the award of attorneys' fees and costs for the bringing of this action and for other and such further relief as this Court shall deem just and proper.

## COUNT II - DECLARATORY RELIEF

38.    Plaintiff incorporates and re-alleges herein paragraphs 2 through 31 of the Complaint as if set forth in full.

39.    This claim is for declaratory relief under Fla. Stat. §86.011 et seq. governing Florida Civil Practice and Procedure.

40.    All parties who claim an interest that would be affected by this declaration have been made a party to this suit pursuant to Fla. Stat. § 86.091.

41.    FCC asserts that Stone Scapes was entitled to coverage under the aforementioned Policies and insurance including defense and indemnity of the claims asserted by FCC.

42.    Defendant has denied coverage and defense under the Policies at issue.

43.    FCC asserts it is entitled to reimbursement from Defendant for all attorneys' fees and legal expenses incurred by Stone Scapes defending the Claim based on Stone Scapes assignment of its right to FCC and Arbitration filed against it by FCC, and the monetary award obtained against Stone Scapes.

44.    A bonifide controversy exists as to FCC's rights under the insured's contracts and of judgments against Stone Scapes.

WHEREFORE, Plaintiff, Flournoy Construction Company, LLC, on behalf of itself and as Assignee of Stone Scapes, Inc., hereby request this Court enter a declaratory judgment finding that the insured STONE SCAPES, INC. is entitled to coverage under the policy in question and based on the policy in question, Defendant, Auto-Owners Insurance Company shall be required to pay the damages, attorneys' fees and costs at issue in the instant litigation as well as the attorneys' fees and costs for the necessity of bringing this action pursuant to Florida Statute.

## COUNT III - BREACH OF DUTY TO DEFEND

45.    Plaintiff incorporates and re-alleges herein paragraphs 2 through 31 of the Complaint as if set forth in full.

46.    Pursuant to that certain Settlement Agreement attached as Exhibit "B" to this Complaint, Stone Scapes assigned any and all rights that it may have had under those certain Policies referred to as 044622-38667291-05 which was in effect from 02/23/2005 to 02/23/2006.

47.    Pursuant to the aforementioned Policies Stone Scapes was entitled to defense and indemnity under its insurance contract with Defendant.

48.    Florida law imposes a duty to defend all claims against an insured if any claim in a lawsuit would, based on the Complaint or demand, create a potentially covered loss.

49.    As more fully set forth herein the arbitration demand in the instant matter created a potentially covered loss under the Policies.

50.    Defendant failed and/or refused to defend or indemnify Stone Scapes under the contract of insurance and its duties and obligations under Florida law.

51. As a direct and proximate result of the aforementioned breach of its duties and contractual obligations Stone Scapes was required to pay its own attorneys' fees and enter into that certain Final Judgment attached as Exhibit "A" in the instant action.

52. Stone Scapes has been monetarily damaged as a result of the aforementioned breach for which it is entitled to recover against Defendant.

WHEREFORE, Plaintiff, Flournoy Construction Company, LLC, on behalf of itself as Assignee of Stone Scapes, Inc., rights under their certain contracts of insurance and Florida law hereby request monetary damages against Defendant, Auto-Owners Insurance Company as well as the attorneys' fees and costs pursuant to Florida Statute and the contractors insurance and such other and further relief as this Court shall deem just and proper.

## COUNT IV- RIGHT OF ACTION PURSUANT TO FLORIDA STATUTE 627.4136

53. Plaintiff incorporates and re-alleges herein paragraphs 2 through 31 of the Complaint the same as if set forth in full.

54. Pursuant to the requirements of Florida Statute 627.4136(1), FCC has obtained a judgment against Stone Scapes, the insured of Defendant under a valid policy for a covered occurrence under that policy.

55. Despite repeated demand, Defendant has failed or refused to pay under the terms of the aforementioned policy.

56. Pursuant to the terms of Florida Statute §627.428, Plaintiff as the prevailing party is entitled to recover attorneys ' fees and costs for the bringing of the instant action.

WHEREFORE, Plaintiff, Flournoy Construction Company, LLC, on behalf of itself as Assignee of Stone Scapes, Inc., hereby requests judgment against Defendant, Auto-Owners Insurance Company, for monetary damages, attorneys' fees, costs, and such other and further relief as this Court should deem just and proper.

17540 v1                                          8

## DEMAND FOR JURY TRIAL

Pursuant to Rule 1.430(a), Florida Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury for all issues so triable.

DOUGLAS K. GARTENLAUB, ESQUIRE
Florida Bar No.: 0010420
Burr & Forman LLP
369 N. New York Avenue
Post Office Drawer 1690
Winter Park, FL 32789
Telephone: (407) 647-4455
Facsimile: (407) 740-7063
Attorney for Plaintiff

IN THE CIRCUIT COURT, NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

FLOURNOY CONSTRUCTION COMPANY, LLC,

     Plaintiff,

v.                                    Case No.:

ROBERT REEDER & STONE SCAPES, INC.,

     Defendants.

_____/

### FINAL JUDGMENT

    THIS MATTER came on to be heard pursuant to the Plaintiff's request to convert the Consent Award of Arbitrators into a Final Judgment. Defendants do not oppose Plaintiff's request.

    The Parties previously agreed to submit this claim to arbitration before the American Arbitration Association. At the conclusion of the arbitration, the Parties agreed to the entry of the Consent Award of Arbitration.

    The Court has reviewed the Parties' Joint Petition for Confirmation of Agreed to Final Judgment following Arbitration and being otherwise advised in the premises. Accordingly, it is ORDERED AND ADJUDGED as follows:

    1. The Court has jurisdiction over the subject matter of this action inasmuch as the amount in controversy exceeds $15,000.00, exclusive of attorneys' fees and costs.

    2. The Court has jurisdiction over the Parties inasmuch as the Parties have voluntarily submitted themselves to the Court's jurisdiction, and the Defendants are residents of Florida.

    3. Orange County, Florida is the proper venue for this action by consent of the Parties.

    4. Pursuant to the agreement of the Parties, Flournoy Construction Company shall recover Seven Hundred Fifty Thousand and 00/100 Dollars ($750,000.00) in damages from Stone Scapes, Inc. in relation to the claims set forth in the Arbitration, all as set forth more fully in the Agreement between the Parties dated July 31, 2008. Pursuant to the agreement of the Parties, Flournoy Construction Company shall not take from Robert Reeder in this proceeding; however,

269115 v1



this shall not obviate any obligations of Reeder in favor of Flournoy Construction Company pursuant to the Agreement between the Parties dated July 31, 2008.

5. This Final Judgment shall not be construed as creating any encumbrance or lien as against Stone Scapes, Inc. or Robert Reeder, nor shall execution issue against either of such parties and/or their relatives. Notwithstanding the foregoing, nothing herein shall impair Flournoy Construction Company's potential claim against any third-parties referenced in Paragraphs 7 and 8 the July 31, 2008 Agreement.

6. Flournoy Construction Company shall not record this Final Judgment unless required as a condition of prosecution of any lawsuit by Flournoy Construction Company against any third-parties referenced in Paragraphs 7 and 8 the July 31, 2008 Agreement. In the event Flournoy Construction Company is required to record this Final Judgment as a condition of prosecution of any lawsuit against a third-party referenced in Paragraphs 7 and 8 the July 31, 2008 Agreement, then this Final Judgment shall only be filed in the Clerk of the Court's Minute Book and shall not be recorded in the Official Public (Real Estate) Records, unless otherwise required as a condition of prosecuting such lawsuit.

DONE AND ORDERED this ___3___ day of ~~May~~ August 2009.

_____
Circuit Court Judge

Copies furnished to:
Maureen Charlotin
*LCC Case Manager*
Southeast Case Management Center
American Arbitration Association
(800) 218-5286
(678) 686-6002
charlotinm@adr.org

Jack G. Kowalski
*Attorney at Law*
*Direct:* (404) 685-4274
*Main:* (404) 815-3000
*Fax:* (404) 214-7394
Jkowalsk@burr.com
171 Seventeenth Street, NW
Suite 1100
Atlanta, Georgia 30363
www.burr.com

William W. Blue
*Attorney at Law*
*Blue & Byers, PLLC*
*115 W. Bay Street*
*Perry, FL 32347*
*(850) 584-3111*
*Fax (850) 584-8593*
bill@blueandbyers.com

269115 v1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail to William W. Blue, Esquire, 115 West Bay Street, Perry, FL 32347, and Jack G. Kowalski, 171 Seventeenth Street, NW, Suite 1100, Atlanta, Georgia 30363 this _14th_ day of August, 2009.

DOUGLAS K. GARTENLAUB, ESQUIRE
Florida Bar No.: 0010420
BURR & FORMAN LLP
369 North New York Avenue
Winter Park, Florida 32790
Telephone: (407) 647-4455
Facsimile: (407) 740-7063
Attorneys for Plaintiff

269115 v1

Page 3 of 3

## AGREEMENT

This Agreement ("Agreement") is entered into this 31st day of July, 2008, by and between Flournoy Construction Company ("FCC"), Stone Scapes, Inc. ("Stone Scapes"), Robert Reeder and Patricia Reeder (both of which collectively referred to herein as "Reeder"), (all of the above who are collectively referred to herein as the "Parties"), as follows:

WHEREAS, Tallahassee Verandas, LLC was the Owner and Developer ("Developer") of the Verandas at Blairstone located at 3700 Capital Circle SE, Tallahassee, Florida 32311 (the "Project);

WHEREAS, FCC was the General Contractor ("GC") for the construction of the buildings and other improvements at the Project under contract to the Developer;

WHEREAS, Stone Scapes was a Subcontractor ("Subcontractor") for the design and construction of certain elements of the Project under contract to the GC, including the design and construction of Segmental Retaining Wall #9;

WHEREAS, Reeder is the Owner of Stone Scapes;

WHEREAS, Subcontractor retained and sub-subcontracted with Fox Pavers for the construction of certain improvements at the Project, including the segmental retaining walls to be constructed at the Project;

WHEREAS, following the completion of the Project, Segmental Retaining Wall #9 located approximately 25 feet to the West of Building #9, experienced movement and, on or about July 10, 2005, a partial failure/collapse ("Failed Retaining Wall") as well as associated damage to other components of the property adjacent to such Failed Retaining Wall;

WHEREAS, FCC incurred substantial costs in the amount of $682,009.22 to investigate, remediate and repair the damage to the Failed Retaining Wall and to other components of the property adjacent thereto, as well as other expenses and legal fees related to the recovery of such costs from Stone Scapes and Reeder ("Retaining Wall Damages"). The breakdown of such Retaining Wall Damages is categorized and detailed in the attached Exhibit A, as well as in the invoices for legal services submitted to FCC by its counsel the non-privileged portions of which invoices are incorporated by reference herein the same as if set forth in full;

WHEREAS, FCC asserted claims against Stone Scapes and Reeder in relation to such Failed Retaining Wall and the Retaining Wall Damages which claims resulted in the filing of an arbitration styled *Flournoy Construction Company, LLC and Robert Reeder and Stone Scapes, Inc.*, 33 110 Y 00023 07 (the "Arbitration");

WHEREAS, Stone Scapes notified its liability insurance carrier, Auto-Owners Insurance Company ("Carrier"), of the claims made by FCC arising out of and relating to the Failed Retaining Wall. Stone Scapes tendered its defense to such Carrier and demanded indemnification


EXHIBIT
B

pursuant to its policies of insurance; however, such Carrier denied Stone Scapes' claims, failed to defend Stone Scapes from the claims and in the Arbitration, and failed to indemnify Stone Scapes. Stone Scapes and Reeder have further provided notice to such Carrier of their intent to enter into this Agreement and to execute the Consent Award and Final Judgment set forth herein;

WHEREAS, Stone Scapes and Reeder admit that the Failed Retaining Wall and Retaining Wall Damages resulted, in whole or in part, from the accidental, improper orientation of the geotextile fabric as installed by Stone Scapes or those for whom Stone Scapes and/or Reeder are legally responsible;

WHEREAS, FCC represents and warrants to Stone Scapes and Reeder that FCC has not received any monies from any insurance company, contractor, or sub-contractor for the Retaining Wall Damages; and

WHEREAS, the Parties to this Agreement desire to simplify, shorten and resolve their dispute over the Failed Retaining Wall and Retaining Wall Damages, and to avoid incurring the significant additional fees and costs associated with the proceeding through the conclusion of the pending Arbitration. Stone Scapes and Reeder further desire to remove the uncertainty of an award being issued against them in the Arbitration representing a larger dollar amount than the Parties have agreed to herein.

NOW THEREFORE, in consideration of the mutual promises set forth herein and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the Parties, in good faith, hereto agree as follows:

1.    **Consideration.**    The consideration for entering into this Agreement includes the Parties' ability to forego incurring additional fees and expenses associated with proceeding in the Arbitration, and other good and valuable consideration, including that set forth in Paragraphs 2, 7, 8, and 9 of this Agreement.

2.    **Payment.** Stone Scapes and Reeder jointly and severally agree that, within thirty (30) days of the execution of this Agreement, such parties shall submit payment by certified check in the amount of Three Hundred Thousand and 00/100 Dollars ($300,000.00) to FCC. Stone Scapes and Reeder further jointly and severally agree that within nine (9) months of the execution of this Agreement, such parties shall submit a second payment by certified check in the amount of Fifty Thousand and 00/100 Dollars ($50,000.00) to FCC, for a total settlement amount from Stone Scapes and Reeder, jointly and severally, to FCC of Three Hundred Fifty Thousand and 00/100 Dollars ($350,000.00). The payments tendered by Stone Scapes and Reeder to FCC pursuant to this Paragraph 2 shall reduce the amount of the Consent Award and Final Judgment referenced in Paragraph 9 herein below as noted therein. Reeder further agrees to, and does, personally guarantee the payment of the $350,000 referenced in this Paragraph.

3.    **Allocation of Payments.** The Parties acknowledge that, as provided herein, a court of competent jurisdiction may later be called upon to determine what insurance coverage, if any, is or was available to Stone Scapes and/or Reeder under their applicable liability insurance policies in relation to the Retaining Wall Damages. The Parties further acknowledge that any such court of competent jurisdiction may determine that no insurance coverage was available

with regard to certain components of the Retaining Wall Damages. The Parties expressly agree that, in the event a determination is made that that no insurance coverage is available under the policies of insurance held by Stone Scapes as to certain components of the Retaining Wall Damages, then the payments by Stone Scapes and Reeder referenced in Paragraph 2 hereinabove shall first be allocated to payment of those components of the Retaining Wall Damages for which a determination is made that no insurance coverage is/was available.

4.    **Attorneys Fees and Expenses of Enforcement.** In the event that any Party to this Agreement should materially breach this Agreement, the non-breaching Party shall be entitled to recover its reasonable attorney's fees and expenses associated with any and all actions required to enforce the terms of this Agreement against the breaching Party.

5.    **Affiliates.** For the purposes of this Agreement, each party's Affiliates are defined as including their respective officers, directors, employees, agents, attorneys, assigns, heirs, executors, administrators, predecessors, and parent and subsidiary companies, both past and present (the "Affiliates").

6.    **Release of FCC.** Stone Scapes and Reeder, for themselves and their Affiliates, hereby release, remise, acquit and forever discharge FCC and its Affiliates, and each of them, from any and all manner of actions, controversies, suits, liens, losses, debts, dues, damages, claims, costs, executions, obligations, rights and demands of every nature, kind, and description whatsoever, in law or in equity, arising out of or relating to the Project, including but not limited to the claims set forth in the Arbitration, whether known or unknown as of the date of this Agreement.

7.    **Assignment of Claims Against Carriers.** Stone Scapes and Reeder shall assign to FCC all rights and claims, if any, that such parties may have under any comprehensive general liability insurance policies, including any excess liability policies, in relation to the claims made by FCC arising out of or related to the Failed Retaining Wall, including, but not limited to, any claim Stone Scapes or Reeder may have against any such carrier for reimbursement of defense costs incurred by such parties in connection with the matters set forth in the Arbitration (both prior to and after the filing of such action), claims for bad faith, claims for breach of contract, and claims for breach of the covenant of good faith and fair dealing.

7.1    Stone Scapes and Reeder agree to cooperate reasonably with FCC in the assertion of any claims so assigned, including provision to FCC of a copy of all applicable insurance policies and of correspondence exchanged with all insurers, brokers and/or agents. Any proceeds of such a suit or suits, whether by settlement, judgment or otherwise, shall be applied toward satisfaction of the Consent Award/Final Judgment set forth in Paragraph 9 of this Agreement.

7.2    FCC shall have the option to demand that Stone Scapes and/or Reeder proceed in their own name against their insurance carriers related to the failure or refusal of such insurance carriers to defend or indemnify such

269158 v1

parties in the Arbitration and in the claim which preceded same, with legal counsel selected by FCC and at FCC's direction and expense.

7.3   Stone Scapes and Reeder hereby assign the proceeds from any such claim or suit related to their insurance carriers, whether received by settlement, judgment or otherwise, to FCC in full, with said proceeds to be applied toward satisfaction of the unpaid portion of the Consent Award/Final Judgment.

7.4   In the event Stone Scapes and/or Reeder refuse to tender to FCC, upon demand, the proceeds from any such claim or suit as referenced in this Paragraph 7, FCC may bring an action to recover the same pursuant to the rights afforded it by this Paragraph 7 and Stone Scapes and/or Reeder shall pay all costs and attorneys' fees incurred by FCC in bringing such action.

7.5   Stone Scapes and/or Reeder shall execute and deliver to FCC such other documents and instruments as FCC reasonably shall request to fully secure this assignment to FCC against any and all claims of creditors. Stone Scapes and Reeder will cooperate with FCC in any litigation brought pursuant to the terms of this Paragraph 7 of this Agreement.

7.6   Nothing in this Paragraph 7 shall relieve Stone Scapes or Reeder of their obligations to make payment to FCC pursuant to Paragraph 2 of this Agreement.

7.7   Nothing in this Paragraph 7 or elsewhere in this Agreement is intended, nor should it be construed, to prejudice in any manner the claim or potential claim, whether valid or invalid, that FCC may choose to pursue against an insurance carrier of Stone Scapes or Reeder as provided herein.

8.   **Assignment of Other Claims:** Stone Scapes and Reeder shall assign to FCC all rights and claims, if any, that such parties may have against the sub-subcontractors on the Project in question, including but not limited to any claims against Fox Pavers, which claims arise out of or relate to the Failed Retaining Wall.

8.1   Stone Scapes and Reeder agree to cooperate reasonably with FCC in the assertion of any claims so assigned, including provision to FCC of copies of all correspondence, documents and tangible things or whatever nature exchanged with any party, at any time, in relation to the Project in question, whether or not such document may have previously been protected by a claim of privilege. Any proceeds of such a suit or suits, whether by settlement, judgment or otherwise, shall be applied toward satisfaction of the Consent Award/Final Judgment set forth in Paragraph 9 of this Agreement.

8.2    FCC shall have the option to demand that Stone Scapes and Reeder proceed in their own name against such sub-subcontractors related to the allegations set forth in the Arbitration and in the claim which preceded same, with legal counsel selected by FCC and at FCC's direction and expense.

8.3    Stone Scapes and Reeder hereby assign the proceeds from any such claim or suit related to the sub-subcontractors, whether received by settlement, judgment or otherwise, to FCC in full, said proceeds to be applied toward satisfaction of the unpaid portion of the Consent Award/Final Judgment.

8.4    In the event Stone Scapes or Reeder refuses to tender to FCC upon demand the proceeds from any such claim or suit as referenced in this Paragraph 8, FCC may bring an action to recover the same pursuant to the rights afforded it by this Paragraph 8 and Stone Scapes and/or Reeder shall pay all costs and attorneys' fees incurred by FCC in bringing such action.

8.5    Stone Scapes and Reeder shall execute and deliver to FCC such other documents and instruments as FCC reasonably shall request to fully secure this assignment to FCC against any and all claims of creditors. Stone Scapes and Reeder will cooperate with FCC in any litigation brought pursuant to the terms of this Paragraph 8 of this Agreement.

8.6    Nothing in this Paragraph 8 shall relieve Stone Scapes or Reeder of their obligations to make payment to FCC pursuant to Paragraph 2 of this Agreement.

8.7    Nothing in this Paragraph 8 or elsewhere in this Agreement is intended, nor should it be construed, to prejudice in any manner the claim or potential claim, whether valid or invalid, that FCC may choose to pursue against a sub-subcontractor of Stone Scapes or Reeder as provided herein.

9.    **Consent Award and Final Judgment**: Stone Scapes and Reeder agree to stipulate and execute a Consent Award in relation to the Arbitration with a corresponding Final Judgment in favor of FCC as follows:

9.1    **Amount of Consent Award and Final Judgment.** Stone Scapes and Reeder shall, contemporaneously with the execution of this Agreement, execute a Consent Award and a separate Final Judgment in favor of FCC in the total amount of Seven Hundred Fifty Thousand and 00/100 Dollars ($750,000.00) ("Consent Award/Final Judgment"), which total amount shall be reduced by any payments made pursuant to Paragraph 2 of this Agreement. The language and form of the Consent Award and Final Judgment have been agreed to by the Parties to this Agreement and such Consent Award and Final Judgment are incorporated by reference herein the same as if set forth in full.

9.2  <u>Covenant Not to Enforce</u>.  FCC shall have no right to, nor will it, file, enter, record or otherwise enforce the Consent Award/Final Judgment except as expressly provided herein below and in Sub-Paragraph 9.3 The Consent Award/Final Judgment shall not be construed as creating any encumbrance or lien as against Stone Scapes or Reeder, nor shall execution issue against either of such parties and/or their relatives. Notwithstanding the foregoing, nothing herein shall impair FCC's potential claim against any third-parties to which Paragraphs 7 and 8 of this Agreement apply.  The Consent Award/Final Judgment shall be placed in the files of the American Arbitration Association. FCC may file such Consent Award/Final Judgment with a court of competent jurisdiction if necessary to convert the Consent Award/Final Judgment to a judgment; however, FCC shall not record the Consent Award/Final Judgment unless required as a condition of prosecution of any lawsuit by FCC against any third-parties referenced in Paragraphs 7 and 8 of this Agreement.  In the event FCC is required to record such Consent Award/Final Judgment as a condition of prosecution of any lawsuit against a third-party as provided above, then such Consent Award/Final Judgment shall only be filed in the Clerk of the Court's Minute Book and shall not be recorded in the Official Public (Real Estate) Records, unless otherwise required as a condition of prosecuting such lawsuit.  The agreement of the Parties to forbear execution and enforcement of the Consent Award/Final Judgment as against Stone Scapes and Reeder pursuant to the provisions of this Paragraph 9 <u>SHALL NOT</u> be deemed a waiver or release under the provisions of any applicable law so as to prevent FCC from pursuing and recovering the third-parties referenced in Paragraph 7 and 8 for the value of any unpaid portion of such Consent Award/Final Judgment, nor shall anything contained herein operate to release or waive any other claims FCC may have or may hereafter acquire against any other person or entity not a party to this Agreement who is not expressly released herein.

9.3  <u>Default Notice and Cure Rights Prior to Enforcement</u>.  In the event Stone Scapes and/or Reeder fail to make any payment due under Paragraph 2 of this Agreement, FCC shall give Stone Scapes and Reeder written notice of such default and Stone Scapes and Reeder shall have fifteen (15) days from the date of such notice in which to cure any default by submitting the full payment then due and owing.  Upon the expiration of this fifteen (15) day notice period, if Stone Scapes and/or Reeder has failed to cure the default, FCC shall have the right to use whatever means necessary to enforce the Consent Award/Final Judgment.

9.4  <u>Non-Assignability of Consent Award/Final Judgment</u>.  The Consent Award/Final Judgment shall not be assignable.

260158.v1

9.5 **Satisfaction of Judgment Upon Full Payment of Consent Award/Final Judgment.** Upon receipt of payment of the full Three Hundred Fifty Thousand and 00/100 Dollars ($350,000.00) referenced in Paragraph 2 hereinabove, FCC shall deliver to Stone Scapes and Reeder written acknowledgment of same. In the event that FCC receives full payment of the Consent Award/Final Judgment set forth in this Paragraph 9 then, following receipt of such full payment, FCC shall execute and deliver to Stone Scapes and Reeder a satisfaction of judgment reflecting all monies received; however, the Consent Award/Final Judgment will not be satisfied completely unless and until it is paid in full.

9.6 With respect to the payment by Stone Scapes and Reeder of the Three Hundred Fifty Thousand and 00/100 Dollars ($350,000.00) referenced in Paragraph 2, if said sum is paid in full by Stone Scapes and/or Reeder, then the only entities against whom FCC may attempt to collect the balance of the Consent Award/Final Judgment are the entities referenced in Paragraphs 7 and 8 of this Agreement. If FCC is unsuccessful in any subsequent action(s) filed against an entity referenced in Paragraphs 7 and 8 of this Agreement, it shall have no further legal recourse against Stone Scapes or Reeder except as otherwise provided in Paragraphs 7 and 8 of this Agreement relating to the proceeds from any such claim or suit against a third-party brought pursuant to such Paragraphs. If FCC is successful in any subsequent action(s) filed against an entity referenced in Paragraphs 7 or 8 of this Agreement and recovers damages in excess of the Seven Hundred Fifty Thousand and 00/100 Dollars ($750,000.00) Consent Award/Final Judgment, plus the cost of its attorneys fees and costs, then FCC agrees to utilize such excess amount to reimburse Stone Scapes for some of the Three Hundred Fifty Thousand and 00/100 Dollars ($350,000.00) paid by same pursuant to Paragraph 2 in an amount not to exceed Two Hundred Fifty Thousand and 00/100 Dollars ($250,000.00).

9.7 **Acknowledgment of Reasonableness of Award and Support for Same.** The Parties hereby acknowledge and agree that the Consent Award/Final Judgment set forth in this Paragraph 9, including all its sub-parts, is reasonable and represents documented losses, expenses, and damages incurred by FCC as a result of the Failed Retaining Wall. The Parties further acknowledge and agree that the attorneys fees and costs FCC has incurred in connection with the claims brought in the Arbitration and arising out of the Failed Retaining Wall were reasonably and necessarily incurred. The Parties also acknowledge and agree that the Retaining Wall Damages for which the Consent Award/Final Judgment is intended to compensate FCC are sufficiently detailed and supported by the attached Exhibit A which is incorporated herein by reference the same as if set forth in full; however, a brief categorical breakdown of such losses, expenses and damages can be reasonably attributed as follows:

9.4.1    Underpinning of Building #9 performed by Hayward Baker, Inc. -- $37,500.00

9.4.2    Stabilization of Wall and Adjacent Property performed by Hayward Baker, Inc. -- $496,227.48

9.4.3    Replacement/Repair of Landscaping and Irrigation performed by Maxwell Landscaping & Irrigation, Inc. -- $12,210.13

9.4.4    Replacement/Repair of Storm Water Drainage System, Fencing and Sidewalks performed by Stege Contracting Corporation -- $55,815.00

9.4.5    Painting of Fences performed by The Manno Corporation -- $1,920.00

9.4.6    Replacement/Repair of Lower Wall performed by Pinnacle Design-Build -- $15,595.61

9.4.7    Miscellaneous Overhead Incurred by FCC -- $62,741.00

9.4.8    Attorneys Fees and Costs Incurred by FCC through the end of April 2008.

10.    **Release of Reeder**.  Reeder personally guarantees the payment of the Three Hundred Fifty Thousand and 00/100 Dollars ($350,000.00) to FCC referenced in Paragraph 2 herein above.  Subject to the condition of payment of the Three Hundred Fifty Thousand and 00/100 Dollars ($350,000.00) referenced in Paragraph 2 hereinabove, FCC, for itself and its Affiliates, hereby releases, remises, acquits and forever discharges Reeder, and each of them, from any and all manner of actions, controversies, suits, losses, damages, claims, costs, obligations, rights and demands of every nature, kind, and description whatsoever, in law or in equity, arising out of or relating to the Failed Retaining Wall.  This release is not intended, nor shall it be construed, to release Reeder from the obligation of payment in favor of FCC as set forth in Paragraph 2 herein above.

11.    **Cooperation**.  FCC, Stone Scapes and Reeder agree to cooperate in good faith for the purpose of carrying out the intent of this Agreement.  Pursuant to this Agreement, FCC may file claims against the insurers for Stone Scapes and/or Reeder as provided in Paragraph 7 hereinabove.  In the event the billing records of the counsel for Stone Scapes and Reeder become necessary for FCC to prove its claims, Stone Scapes and Reeder agree to provide these records to FCC and further authorize their counsel, William Blue, to provide sufficient accounts to establish the fees and expenses incurred by such parties in the Arbitration and in the claims which form the underlying claims upon which the Arbitration was based and to cooperate to establish the reasonableness of these fees and expenses.

269359 v1

12.   <u>Abeyance of the Arbitration</u>.  Upon the execution of this Agreement, FCC, Stone Scapes, and Reeder agree to take all actions necessary to have the American Arbitration Association hold the pending Arbitration in abeyance until such time as FCC resolves the claims assigned to it by Stone Scapes and Reeder in Paragraphs 7 and 8 of this Agreement or until such time as the Parties mutually agree otherwise in writing.

13.   <u>Voluntary Action</u>.  All Parties to this Agreement acknowledge and represent that each have relied solely upon facts obtained from their investigation in executing this Agreement and that neither has relied upon any statement or representation of any nature from the other Party or the other Party's counsel or representatives.

14.   <u>Entire Agreement.</u>  This Agreement contains the entire agreement by and between the Parties, and the terms are contractual and not mere recitals. The Parties further state that they have carefully read the Agreement, noted its contents, and signed the Agreement as their free and voluntary act. The Parties further state that they have participated in the drafting of this Agreement and that it will not be construed against any Party to the Agreement.

15.   Time is of the essence in this Agreement.

16.   <u>Successors and Assigns</u>.  This Agreement shall be binding on, and inure to the benefit of the officers, agents, directors, successors, assigns, subsidiaries, related and parent entities (incorporated or unincorporated) of the Parties to this Agreement.

17.   <u>Approvals and Corporate Action</u>.  FCC and Stone Scapes warrant that all requisite approvals and corporate actions have been obtained prior to the execution of this Agreement and that the individual signing this Agreement is authorized to do so.

18.   <u>Execution of the Agreement.</u>  This Agreement may be executed and delivered in counterparts, each of which shall be an original, but such counterparts together shall constitute but one and the same Agreement. The Parties agree to execute any further documents necessary to effectuate this Agreement. This Agreement may be executed via facsimile and facsimile signatures shall be treated, for all purposes, as original signatures. This Agreement will be come effective upon execution by all Parties to this Agreement.

19.   <u>Governing Law.</u>  This Agreement shall be construed, interpreted, and governed by the laws of the State of Florida. The exclusive venue for any action arising out of or relating to this Agreement shall be by arbitration filed before the American Arbitration Association.

20.   <u>Severability.</u>  In the event that any provision of this Agreement is found to be invalid or unenforceable, that shall not affect the validity or enforceability of the remainder of this Agreement.

21.   <u>Amendments to Agreement to be in Writing</u>.  No amendment or variations of the terms of this Agreement shall be valid unless made in writing and signed by each of the Parties hereto.

22.    <u>Headings and Recitals</u>. The various headings in this Agreement are inserted for convenience only and shall not affect this Agreement or any of its provisions. The recitals which appear at the beginning of this Agreement are integral components of this Agreement and are to be interpreted as such.

23.    <u>Representations and Warranties</u>. FCC. Stones Scapes and Reeder each represent and warrant to the other that each of the representions made by them are true and correct, and were made knowing that the other party is relying upon these representations as true to induce the relying party to execute this Agreement.

WHEREFORE, the Parties hereto have caused this Agreement to be executed by their respective duly authorized representatives on the dates set forth below.

[Signatures on Pages to Follow]

269158 v1

**Flournoy Construction Company**

By: William A. Brannan, Sr.

Title of Authorized Representative: Senior Vice President

Date: 7/31/08

Sworn to and subscribed before
me this 31st day of July, 2008.

Notary Public
My commission expires:
My Commission Expires May 27, 2010

769158 v1

Stone Scapes, Inc.

By: Robert Reeder

Title of Authorized Representative: President | Owner

Date: 7/31/08

Sworn to and subscribed before
me this 31st day of July, 2008.

Notary Public

My commission expires:

RUBY M. BROXSON
MY COMMISSION # DD 604766
EXPIRES: January 8, 2010
Bonded Thru Notary Public Underwriters

262158 v1

Robert Reeder

Sworn to and subscribed before
me this 31st day of July, 2008.

Notary Public

My commission

RUBY M. BROXSON
MY COMMISSION # DD 604785
EXPIRES: January 8, 2010
Bonded Thru Notary Public Underwriters

269158 v1

Patricia Reeder

Sworn to and subscribed before
me this 31⁰ᵗ day of _July_, 2008.

Notary Public
My commission expires:

RUBY M. BROXSON
MY COMMISSION # DD 504785
EXPIRES: January 8, 2010
Bonded Thru Notary Public Underwriters

269158 v1